UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY | CIVIL ACTION |
| VERSUS | NO: 10-1207 |
| LIL AL'S TOWING, INC. and CAILLOU ISLAND TOWING COMPANY, INC., *in personam* and the M/V LIL AL CENAC, its engines, rigging, tackle, etc., *in rem* | SECTION: "J" (3) |

**Consolidated With**

| | |
|---|---|
| MICHAEL DARDAR | NO. 11-334 |
| VERSUS | |
| UNION PACIFIC RAILROAD COMPANY | **PERTAINS TO CASE No. 10-1207** |

**ORDER AND REASONS**

Before the Court is Plaintiff Union Pacific Railroad Company's **Motion to Exclude the Testimony and Expert Report of Stephen Killingsworth (Rec. Doc. 67);** Consolidated Plaintiff Michael Dardar's and Defendants Caillou Island Towing Co., Inc. and Lil Al's Towing, Inc.'s **Oppositions (Rec. Docs. 70,**

**72)**; and Plaintiff's **Reply (Rec. Doc. 83).** Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that this motion should be **DENIED**.

The purpose of Daubert is "to ensure that only reliable and relevant expert testimony is presented to the jury." Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in Daubert are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000). "Daubert requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003).

Given that this case is a bench trial, and thus that the objectives of Daubert, upon which this motion is premised, are no longer implicated, the Court finds that the motion to exclude expert testimony should be denied at this time. Following the introduction of the alleged expert testimony at

trial, the Court will either exclude it at that point, or give it whatever weight it deserves.

Accordingly, **IT IS ORDERED** that Plaintiff's **Motion to Exclude the Testimony and Expert Report of Stephen Killingsworth (Rec. Doc. 67)** should be and is hereby **DENIED.**

New Orleans, Louisiana this 14th day of September, 2011.

_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE